**Richard Dale TALBOTT, Applicant,**

v.

**State of INDIANA, Respondent.**

**Nos. 00–3080, 00–3085.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 29, 2000

Decided Sept. 7, 2000

---

Richard Dale Talbott (submitted on brief), pro se.

Karen M. Freeman–Wilson, Office of the Attorney General, Indianapolis, IN, for Respondent.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Richard Talbott is among the throngs of state and federal prisoners who believe that *Apprendi v. New Jersey*, —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), undermines their sentences. Prisoners who already have filed and lost a collateral attack need this court's approval to launch another. Not one of the *Apprendi*-based applications for permission to file has been granted, however, and none is going to be granted in the near future, for a fundamental reason: a new decision of the Supreme Court justifies a second or successive collateral attack only if it establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2255 ¶ 8(2). We held in *Bennett v. United States*, 119 F.3d 470 (7th Cir.1997), that retroactive application must be declared by the Supreme Court itself. Although *West v. Vaughn*, 204 F.3d 53, 59–63 (3d Cir.2000), disagrees with *Bennett*

and holds that a decision of the Supreme Court is "retroactive to cases on collateral review" if its logic implies retroactivity under the approach of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), we are not willing to depart from *Bennett*. Congress said that only new rules "made retroactive ... *by the Supreme Court*" (emphasis added) support successive petitions under § 2244(b)(2)(A) or § 2255 ¶ 8(2). *Teague* establishes standards that guide the Supreme Court in deciding whether a decision is retroactive; § 2244(b)(2)(A) or § 2255 ¶ 8(2) depart from pre-1996 law by specifying that *only* the Supreme Court may make that decision for purposes of successive collateral attacks. In *West* the third circuit confused a substantive question ("which decisions apply retroactively?") with a procedural question ("which court makes the retroactivity decision?"). Cf. *Williams v. Taylor*, 529 U.S. 1495, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Justices don't have to recite the statutory language verbatim, but the choice between prospective and retroactive application belongs to the Supreme Court rather than to the court of appeals.

■■■ *Apprendi* does not state that it applies retroactively to other cases on collateral review. No other decision of the Supreme Court applies *Apprendi* retroactively to cases on collateral review. So, given *Bennett*, no application based on Apprendi can be authorized under § 2244(b)(2)(A) or § 2255 ¶ 8(2). Accord, *Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000). If the Supreme Court ultimately declares that *Apprendi* applies retroactively on collateral attack, we will authorize successive collateral review of cases to which *Apprendi* applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications. (They are futile, not fatal under 28 U.S.C. § 2244(b)(1). As we held in *Hernandez v. United States*, 226 F.3d 839 (7th Cir.2000), a dismissal based on the fact that a case has not been declared retroactive is without prejudice for purposes of § 2244(b)(1).) What is more, prisoners now peppering district judges with *initial* collateral attacks based on *Apprendi* should reconsider: the itch to invoke the latest decision of the Supreme Court can be costly, because a loss will require this court's approval to launch a later collateral attack if better grounds for relief become available. Federal law allows only one round of collateral review as of right, so prisoners should choose their issues wisely.

■■■ Many of the applications we have received have serious problems in addition to *Bennett*. Prisoners seem to think that *Apprendi* reopens every sentencing issue decided by a federal court in the last generation. It does not. All *Apprendi* holds is that most circumstances increasing a statutory maximum sentence must be treated as elements of the offense—and, if the defendant has demanded a jury trial, this means that they must be established beyond a reasonable doubt to the jury's satisfaction. *Apprendi* does not affect application of the relevant-conduct rules under the Sentencing Guidelines to sentences that fall within a statutory cap. Thus, for example, when the statutory maximum is life imprisonment, *Apprendi* is beside the point. *United States v. Smith*, 223 F.3d 554, 564–66 (7th Cir.2000); *Hernandez*, 226 F.3d at 841. When a drug dealer is sentenced to less than 20 years' imprisonment—the limit under 21 U.S.C. § 841(b)(1)(C) for even small-scale dealing in Schedule I and II controlled substances—again *Apprendi* is irrelevant even if we eventually conclude, as *United States v. Aguayo–Delgado*, 220 F.3d 926 (8th Cir. 2000), has held, that *United States v. Jackson*, 207 F.3d 910, 920–21 (7th Cir.2000), erred in concluding that the drug type-and-quantity rules of § 841(b) are sentencing factors rather than elements of the offense. To put this otherwise, *Apprendi* does not affect the holding of *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), that the

judge alone determines drug types and quantities when imposing sentences short of the statutory maximum. And, more to the point of Talbott's application, *Apprendi* does not affect the holding of *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), that the validity of prior convictions is not open to reexamination at sentencing for a new offense, unless the defendant lacked counsel when convicted of the prior offenses.

 Richard Talbott is serving a lengthy federal sentence for possessing ammunition despite multiple prior felony convictions. 18 U.S.C. § 922(g)(1). See *United States v. Talbott*, 78 F.3d 1183 (7th Cir.1996), decision after remand, 107 F.3d 874 (1997) (unpublished order). The length of the sentence, more than 22 years' imprisonment, stems from his prior felony convictions, which led to his classification as an armed career criminal under 18 U.S.C. § 924(e). We held on Talbott's prior appeals that the § 924(e) recidivist enhancement is proper. Talbott wants to revisit this subject, arguing that, under *Apprendi*, one of his prior felony convictions really should have been a misdemeanor conviction. As he interprets the state laws underlying his conviction for battery (for which he was sentenced to eight years' imprisonment), a sentence exceeding 180 days' imprisonment depends on findings that, as Talbott reads *Apprendi*, only a jury may make. Compare I.C. 35–50–3–3 (misdemeanor battery) with I.C. 35–42–2–1 (felony battery). Suppose this is so. Then there is a constitutional defect in the state felony conviction—but Talbott does not contend that he lacked assistance of counsel in the Indiana prosecution, so under *Custis* any shortcomings in the state prosecution are immaterial. When enhancing the sentences of repeat offenders, federal courts are entitled to treat the prior convictions as what they are, rather than as what defendants say they should have been.

 Perhaps Talbott believes that *Custis* is limited to the imposition of sen-

tence and direct appeal, that its rule is avoidable by initiating a collateral attack on the prior conviction (which is what he appears to want) or by using § 2255 to contest the federal sentence. But we held in *Ryan v. United States*, 214 F.3d 877 (7th Cir.2000), that *Custis* applies to collateral attacks as well as to sentencing and direct appeals. Courts of appeals are divided on this subject, as the first paragraph in *Ryan* shows, and the Solicitor General has asked the Supreme Court to resolve the conflict. See *United States v. Clark*, 203 F.3d 358 (5th Cir.2000), petition for certiorari filed by the United States, 69 USLW 3110, 69 USLW 3115, No. 00–122; *United States v. Daniels*, 195 F.3d 501 (9th Cir.1999), petition for certiorari filed by Daniels and acquiesced in by the United States, ── U.S. ──, 121 S.Ct. 22, ── L.Ed. 2d ── (2000). If the Supreme Court ultimately disagrees with *Ryan*'s understanding, *and* declares its new position retroactive on collateral attack, *and* holds *Apprendi* retroactive on collateral attack, then Talbott may be entitled to contest his sentencing as an armed career criminal. But while *Ryan* stands as the law of this circuit, Talbott cannot get to first base, and his *Apprendi* issue is way over at third base.

 Two final observations. First, Talbott is mistaken in believing that he is entitled to wage a collateral attack in federal court directly against the Indiana sentence under 28 U.S.C. § 2254. He is not in custody under that sentence. See *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). His custody is federal, his ultimate objection is to the length of his federal sentence, and proceedings contesting that sentence must be under § 2255. Indiana may or may not be willing to entertain a petition for a writ in the nature of coram nobis, but Talbott must seek that relief from the state courts. Second, in any collateral attack the proper respondent is the prisoner's custodian. "The State of Indiana," which Talbott has named as respondent, is not his custodian

and is immune from suit under the eleventh amendment. The proper respondent in proceedings that do not contest current custody is the state's attorney general or the official most like a custodian. See Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. But we do not deny Talbott's application for having attempted to use § 2254 rather than § 2255, or for having named as respondent the State of Indiana rather than the Attorney General of Indiana. Then he would just file more papers. We deny his application because, under *Custis* and *Ryan*, the holding of *Apprendi* would do him no good even if it had been declared retroactively applicable on collateral attack.

■ We consolidate Talbott's two applications for leave to commence successive collateral attacks. Both documents, filed a day apart, make the same contentions and are best understood as a single application. That application is denied.