**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samuel WHITT, Defendant–Appellant.**

**No. 99–2017.**

United States Court of Appeals,
Seventh Circuit.

Feb. 7, 2001.

542

Before COFFEY, EASTERBROOK, and EVANS, Circuit Judges.

Order

The Supreme Court remanded this case to us for further consideration in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On

December 14, 2000, we issued an order under Circuit Rule 54 requiring each side to file a statement of position. On January 19, 2001, we directed each side to file a supplemental memorandum. These have been received, and the case is ready for decision.

■ Whitt was sentenced to life imprisonment, following his conviction for conspiring to distribute cocaine. The United States filed an information under 21 U.S.C. § 851 pointing out that Whitt has prior drug convictions and is eligible to an enhanced sentence on that account. Under *Apprendi* these prior convictions need not be proved to a jury's satisfaction, but the quantity of drugs must be found, beyond a reasonable doubt, by the trier of fact, when quantity affects the maximum possible punishment under 21 U.S.C. § 841. See *United States v. Nance*, 236 F.3d 820 (7th Cir.2000). Under 21 U.S.C. § 841(b)(1)(B) a combination of conspiring to distribute a mixture or substance weighing more than 500 grams, and containing a detectable amount of cocaine, leads to a maximum punishment of life imprisonment, provided that the defendant has a prior conviction for a felony drug offense, as Whitt does.

■ Not until filing objections to the presentence report did Whitt contend that the drug-quantity issue should have been submitted to the jury. That was too late to prevent the error's occurrence, and by delay Whitt forfeited (but did not waive) the point. Thus, as in *Nance*, we must affirm unless the sentence is plain error.

The district judge found that Whitt and his confederates distributed *at least* 150 kilograms of cocaine. The prosecutor contended that the total exceeded 600 kilograms, but the district court had no reason to determine whether the total was higher than 150, an amount that (in conjunction with other considerations, such as Whitt's

prior convictions and use of firearms) led to mandatory life imprisonment under the Sentencing Guidelines

■ On appeal, Whitt conceded that he is accountable for 3.5 kilograms of cocaine but argued that the district judge should not have believed witnesses who testified to greater amounts. His latest memorandum reiterates this position: "Based upon amounts charged and proven to the jury, Mr. Whitt urged (and continues to urge here) that the drug amounts directly attributable to him would be approximately 3.5 kilograms." That concession demonstrates that plain error did not occur. A reasonable jury would have been bound to find that Whitt conspired to distribute at least 500 grams of a substance containing a detectable amount of cocaine. No more is required, under *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), to show that affirmance of Whitt's sentence would not be a miscarriage of justice, and thus that reversal for plain error would be inappropriate.

■ Whitt's appellate lawyer seems to be under the impression that *Apprendi* requires not just 500 grams, but the whole 150 kilograms, to be proved to the jury beyond a reasonable doubt. That is not so. All *Apprendi* governs is the amount that affects statutory maximum sentences. Once the trier of fact has found whatever facts are required to determine statutory minimum and maximum sentences, the sentencing judge selects a term within the statutory range based on a preponderance of the evidence. See *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir.2000). Because a reasonable jury was bound to find that Whitt conspired to distribute at least 500

grams of cocaine, the task specified by the Supreme Court's remand order has been completed, and Whitt's conviction and sentence are again

AFFIRMED.