**Frank MALAVE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 01–C–251
No. 84–CR–163.

United States District Court,
E.D. Wisconsin.

March 16, 2001.

Frank Malave, Springfield, MO, pro se.

Thomas P. Schneider, United States Attorney, Milwaukee, WI, for respondent.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on a petition by federal prisoner Frank Malave ("Malave") seeking a writ of error coram nobis. His petition, properly understood as one seeking relief under 28 U.S.C. § 2255 ("Section 2255"), must be denied for the reasons set forth below.

## DISCUSSION

Malave is in federal custody. He claims that his conviction for drug-trafficking was procured in violation of rights guaranteed by the Sixth Amendment (namely, the right to confront his accusers and the right to counsel). He also attacks his sentence under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), joining the "throngs" of prisoners to do so since that case was decided last year. *Talbott v. Indiana*, 226 F.3d 866, 868 (7th Cir.2000).[1]

 To paraphrase Yogi Bear, Malave is "smarter than the average prison litigator." Like Yogi, Malave is also persistent, although the object of his persistence is release from federal custody, not picnic baskets. Malave has already had one second or successive petition under Section 2255 dismissed by this Court[2] for failure to obtain the required advance certification from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). By now he probably also knows that under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to Section 2255 claims. To circumvent these problems, and to come at the picnic basket from another angle, Malave styles his lat-

---

1. While Malave and his fellow prison-litigators "seem to think that *Apprendi* reopens every sentencing issue decided by a federal court in the last generation," they are plainly mistaken, for the simple reason that *Apprendi* did not state that it applied retroactively to other cases on collateral review. *Id.* at 869.

2. On November 4, 1996 by the Hon. Robert W. Warren.

est collateral attack a petition for a writ of error coram nobis. Although such writs are authorized in limited situations by the "All Writs Act," 28 U.S.C. § 1651,[3] the Court rejects Malave's "patent effort to invoke the ancient writ as a substitute for a [second or] successive Section 2255 petition [that] ... presents some substantial [procedural] hurdles for him." *United States v. Nelson*, 2000 WL 557326 * 1 (E.D.La.2000). Indeed, because prisoners are utilizing this precise tactic with·alarming frequency, the Court takes this opportunity to underscore the limited nature of coram nobis relief.

■ The ancient writ of error coram nobis, abolished in civil cases as long ago as 1946, retains a very limited role in the criminal context. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Today, coram nobis is only available in criminal cases to challenge errors "of the most fundamental character." *Id.* at 512, 74 S.Ct. 247. The Seventh Circuit has cautioned that coram nobis relief should be dispensed sparingly because "[f]requent use of [the] writ would discard the benefits of finality." *United States v. Keane*, 852 F.2d 199, 202 (7th Cir.1988), *cert. denied*, 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 670 (1989). The Supreme Court in 1996 observed that it was " 'difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.' " *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (citation omitted). Indeed, the availability of the writ is so circumscribed that, according to the Seventh Circuit, "contemporary coram nobis matters only after custody expires." *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir.1989) (emphasis added); *see also United States*

*v. Craig*, 907 F.2d 653, 656 (7th Cir.1990) ("Coram nobis petitions are brought only after a convicted defendant's release from federal custody."). Malave remains in custody and certainly has not presented unusual or "compelling" legal or factual circumstances warranting coram nobis relief. *Keane*, 852 F.2d at 202.

■ In fact, coram nobis has *no* application in this case. As the Supreme Court has explained:

> the All Writs Act is a residual source of authority to issue writs *that are not otherwise covered by statute.* Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

*Carlisle*, 517 U.S. at 428–29, 116 S.Ct. 1460 (emphasis added, quotation omitted). In other words, coram nobis is not a substitute for relief under Section 2255. *Cooper v. United States*, 199 F.3d 898, 901 (7th Cir.1999), *cert. denied*, 530 U.S. 1283, 120 S.Ct. 2760, 147 L.Ed.2d 1021 (2000). Likewise, coram nobis is not available as a "safety valve" to relieve Section 2255 petitioners of the consequences of their procedural missteps. Specifically, the writ may "not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." *United States v. Barrett*, 178 F.3d 34, 55 (1st Cir.1999), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000). Such an approach would, among other things, defeat the intent of Congress in passing the AEDPA. *Id.*

In *Mercado v. United States*, 104 F.Supp.2d 1059 (E.D.Wis.2000), the petitioner advanced "at least a legitimate argument for seeking coram nobis relief

---

**3.** Section 1651 empowers federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agree- able to the usages and principles of law." 28 U.S.C. § 1651(a).

because [he was] *not* 'in custody' and therefore the provisions of Section 2255 [did] *not* apply." *Id.* at 1063 (emphasis added). Malave, by contrast, remains in federal custody. Accordingly, Section 2255 is the proper vehicle for collaterally attacking his conviction and/or sentence. In the words of the *Carlisle* opinion, Section 2255 is the "controlling" authority for purposes of determining whether the All Writs Act applies. This is so even if (for procedural reasons) Section 2255 fails to provide Malave with the relief he seeks. *Barrett,* 178 F.3d at 55.

To summarize, coram nobis relief is not available to Malave, whose petition is clearly a Section 2255 motion in disguise. Just as clearly, the motion under consideration is a second or successive motion for purposes of 28 U.S.C. § 2244(b)(3)(A), which provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The provision quoted above is an allocation of subject matter jurisdiction to the Court of Appeals. *In re Page,* 179 F.3d 1024 (7th Cir.1999). Since the Court of Appeals has not authorized this Court to consider a second or successive 2255 petition by Malave, the Court has no choice but to dismiss the instant petition.[4] The Court refers Malave to Circuit Rule 22.2 for the procedures to follow in applying to the Court of Appeals for leave to file a second or successive 2255 petition. Additionally, Malave would be well advised to review the Seventh Circuit's decision in *Talbott,*

---

4. In light of the Court's determination that Malave's petition should be construed as a second or successive motion under Section 2255, this Court does not reach the question of whether Malave's Sixth Amendment claims

*supra,* before seeking leave to file a petition based on *Apprendi.*

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Malave's petition for a writ of error coram nobis is DENIED.

are barred by procedural default. In any event, Malave has not bothered to recite the full procedural history of his case, including the grounds for his direct appeal.