**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio L. LAYDEN, Defendant– Appellant.**

**Nos. 00–5154, 00–5155.**

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KEITH, ALAN E. NORRIS, and DAUGHTREY, Circuit Judges.

*ORDER*

In Case No. 00–5154, Antonio L. Layden, a federal prisoner, appeals the district court's judgment following his guilty plea to 11 counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S .C. § 924(c). In Case No. 00–5155, Layden appeals the district court's judgment following his guilty plea to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). These appeals have been consolidated for consideration by this court. Both parties are represented by counsel who have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in these cases. Fed. R.App. P. 34(a).

An indictment charged Layden with 11 counts of armed bank robbery and one count of brandishing a firearm during and in relation to a crime of violence. On October 6, 1999, he pled guilty to all 12 counts. The district court sentenced him

on January 26, 2000, to a total of 319 months in prison, three years of supervised release, and restitution in the amount of $62,227. This sentence was based upon a total offense level of 31 and a criminal history of category VI, resulting in a guidelines sentencing range of 188–235 months for the armed robbery counts, with a mandatory seven-year consecutive sentence for the firearm count. Layden's appeal was docketed as Case No. 00–5154.

Layden was charged by information in the Northern District of Mississippi with three counts of bank robbery. That case was transferred to the Western District of Tennessee for entry of a guilty plea and judgment. Layden pled guilty to all three counts on January 26, 2000, and was sentenced to 235 months in prison, three years of supervised release, and restitution in the amount of $11,733. This sentence was imposed to run concurrently with the sentence imposed in the case described above. Layden's appeal of this sentence was docketed as Case No. 00–5155.

On appeal, Layden argues that the district court incorrectly believed that it lacked the discretion to depart downward pursuant to USSG § 5H1.4. In addition, Layden has filed a pro se supplemental brief, arguing that he was illegally sentenced in violation of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon review, we affirm the district court's judgments because the district court's informed decision not to depart is not reviewable on appeal and the sentences imposed do not violate the rule of *Apprendi.*

Layden first argues that the district court mistakenly believed that it did not have the authority to depart under § 5H1.4 due to Layden's medical condition. This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson*, 209 F.3d 614, 617 (6th Cir.2000); *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir. 1998). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *Strickland*, 144 F.3d at 418. The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000); *Strickland*, 144 F.3d at 418.

Prior to his sentencing, Layden submitted a motion for departure supported by extensive medical records documenting serious medical problems including hypertension, kidney disease, and the progressive loss of vision in one eye. Layden's treating physician offered his opinion that Layden would be on dialysis within three years and had a life expectancy of as little as 17 years. It was further noted that the Bureau of Prisons would not permit Layden to undergo a kidney transplant. Layden requested a downward departure of up to 50% of the minimum sentence in the applicable guideline range so that he could have some expectation of leaving prison alive.

The district court denied Layden's request for a downward departure. The court acknowledged Layden's very serious health problems but concluded that they were "not what is anticipated" under § 5H1.4. The district court further stated that it had "seriously thought about it" but would not depart due to the present lack of restrictions on Layden's physical activity, the care he would receive at a federal

medical center, medical advances that could develop a cure within the near future, and the possibility that the Bureau of Prisons would release him early if his condition warranted it. Contrary to Layden's assertion, this record does not indicate that the district court did not believe it had the authority to depart. Instead, the record shows that the district court simply did not believe that Layden's situation warranted departure under § 5H1.4. Therefore, this decision is not reviewable on appeal.

 In his pro se brief, Layden also argues that his sentence is illegal under *Apprendi* because the sentencing factors of brandishing a firearm, robbing a financial institution, and amount of loss were not submitted to a jury. In *Apprendi*, the Supreme Court limited a judge's ability to make factual findings which affect a defendant's sentence by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63. However, Layden waived a jury trial and pleaded guilty to every count in the indictment and information. His concurrent sentences of 235 months (19 years, 7 months) for the 11 counts of armed bank robbery do not exceed the statutory maximum of 25 years for those offenses and his concurrent sentences of 235 months for the three counts of bank robbery do not exceed the statutory maximum of 20 years for those offenses. Furthermore, his consecutive sentence of seven years for brandishing a firearm during a crime of violence is the statutory *minimum* for count 12 of the indictment to which he pleaded guilty. Therefore, *Apprendi* does not control this case. *See United States v. Munoz*, 233 F.3d 410, 413–14 (6th Cir.2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000). Layden specifically complains

about the guidelines sentencing factors used to increase his total offense level. Several courts, however, have expressly held that *Apprendi* does not apply to sentencing guideline enhancements below the prescribed statutory maximum penalty. *See Talbott v. Indiana*, 226 F.3d 866, 869–70 (7th Cir.2000); *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir.2000), *cert. denied*, 531 U.S. 1100, 121 S.Ct. 834, 148 L.Ed.2d 716 (2001); *accord United States v. Aguayo–Delgado*, 220 F.3d 926, 933–34 (8th Cir.), *cert. denied*, 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000).

Accordingly, the district court's judgments are affirmed.