**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin SNULLIGAN and Gerardo Rivera, Defendants–Appellants.**

Nos. 00–3430, 00–3873.

United States Court of Appeals, Seventh Circuit.

Argued June 7, 2001.

Decided June 12, 2001.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

### Order

■ Two juries have concluded that Kevin Snulligan and Gerardo Rivera conspired to distribute multi-kilogram quantities of cocaine and marijuana. (Snulligan and Rivera were tried separately.) Snulligan has been sentenced to 540 months' imprisonment and Rivera to 151 months. The evidence of guilt is sufficient; defendants' argument that the juries should not have believed Guillermo Casillas and Uriel Reyes–their confederates in crime, who pleaded guilty, helped make tapes inculpating Snulligan and Rivera in drug deals, and in Reyes' case testified as part of deals with the prosecutor–is wasted on an appellate court. Juries are entitled to credit testimony, even the words of reprobates such as Casillas and Reyes. And there was more. For example, after a kilogram of cocaine was recovered from a hidden compartment in Snulligan's apartment (for the jury could conclude that he lived there), he asked one agent whether they had found "the whole key," expressed disappointment at the affirmative answer, and then offered to help the agents nab his supplier. Both the physical evidence and the verbal exchange were damning.

■ Rivera invokes *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but his sentence is less than the 20 years to which distributing even a smidgen of cocaine exposes a person, see 21 U.S.C. § 841(b)(1)(C), so *Apprendi* is irrelevant. See *Talbott v. Indiana*, 226 F.3d 866 (7th Cir.2000). Rivera errs in supposing that *Apprendi* disturbs *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), which holds that calculation of relevant conduct under the Sentencing Guidelines is for the judge alone, under a preponderance standard. (Moreover, both Snulligan and Rivera were convicted of multiple counts, and each was sentenced to fewer than 240 months per count of conviction.)

■ Some of the evidence introduced against Snulligan was seized in a search of his apartment conducted pursuant to a warrant. Snulligan contends that the warrant was not supported by probable cause, so that the evidence should have been suppressed. The district court thought that probable cause existed but added that application of the exclusionary rule would in any event be inappropriate, because the officers were entitled to rely on the warrant. See *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Snulligan's opening brief on this appeal ignores the latter ground, which dooms any chance of success on this issue. A litigant who loses on two grounds, each sufficient to support the judgment, must contest both of them. Awakening to this problem, Snulligan takes up the *Leon* problem in his reply brief–too late. To forestall a second proceeding accusing his lawyer of ineffective assistance, we add that the *Leon* ruling is invulnerable, for the reasons the district judge gave.

■ Both Snulligan and Rivera received two-level increases under U.S.S.G. § 3C1.1 for obstruction of justice. Snulligan's enhancement had no effect on his sentence, so it is unnecessary to consider his objection. Rivera's enhancement did affect his sentence, and in imposing it the district court did not transgress the principles laid down in *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court found that Rivera had committed perjury at a hearing on

a motion to suppress evidence. Rivera contended that he had been mistreated in order to obtain a consent to search, which he argued had been involuntary. The district court's express finding–that Rivera lied when testifying that he had been physically abused–does not cite chapter and verse of the transcript but did not need to do so; it is not significantly different from the finding deemed adequate in *Dunnigan* itself. Rivera's testimony certainly was material; if believed, it would have required suppression of the evidence. And the judge's finding of falsity is well supported. The record includes the testimony of a physician that Rivera did not display the injuries that would have been detectable had Rivera been abused in the manner to which Rivera testified.

Defendants' remaining arguments have been considered but do not require discussion.

AFFIRMED