**UNITED STATES of America,**

v.

**Jose NARANJO, Appellant.**

**No. 00–3028.**

United States Court of Appeals, District of Columbia Circuit.

Filed July 17, 2001.

---

Before: SENTELLE, HENDERSON, and TATEL, Circuit Judges.

PER CURIAM:

After this Court denied Jose Naranjo's ("the Defendant") appeal from the district court's denial of his collateral review motion, he moved for rehearing or alternatively to amend his motion to include a new claim. In this motion, for the first time the Defendant claims that his sentence should be vacated following the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because both the district court and this Court already have denied the Defendant's collateral review motion based on the claims he raised originally, and because he does not offer any reason sufficient for us to reconsider our earlier denial, we deny his motion for rehearing. In addition, we deny his motion to add a new claim based on *Apprendi.*

## I. BACKGROUND

In 1995, the Defendant was convicted for drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to life in prison after the district court judge found that he was responsible for five or more kilograms of cocaine. On direct appeal, we affirmed his conviction and sentence. *See United States v. Gaviria,* 116 F.3d 1498, 1530–35 (D.C.Cir.1997) (per curiam), *cert. denied,* 522 U.S. 1082, 118 S.Ct. 865 (1998).

In 1999, the Defendant filed a *pro se* motion for *habeas corpus* relief under 28 U.S.C. § 2255, asserting five claims for relief. The district court denied the Defendant's motion and subsequently denied his request for a certificate of appealability. The Defendant then petitioned this Court for a certificate of appealability. In August 2000, we denied his petition and

dismissed his appeal. The Defendant then filed a "Motion for Rehearing and Suggestion for Rehearing En Banc and Motion for Leave to Supplement/Amend Motion to Vacate" in light of *Apprendi*. In this filing, the Defendant argues for the first time that his sentence should be vacated under *Apprendi*. We ordered the Government to respond to this motion and appointed *amicus curiae* to file a reply brief on behalf of the Defendant.

## II. ANALYSIS

In his motion, the Defendant seeks to assert issues on rehearing that were not raised before the district court originally or before us initially on appeal. *Amicus curiae* argues that the Defendant's motion to amend should be granted (or at least remanded to the district court to consider granting it) under the "long-odds exception" to the general rule barring amendments to pleadings on appeal. *See Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 23 (1st Cir.1989). Under the long-odds exception recognized by the First Circuit, a court will grant leave to amend if "justice . . . requires further proceedings." *Id.* (internal quotation omitted). *Amicus curiae* claims that justice requires permitting the amendment in this case because, among other reasons: (1) the Defendant in no way acted in bad faith by not raising the *Apprendi* issue earlier; (2) he would have been allowed to amend his motion in district court under Federal Rule of Procedure 15(a); and (3) "courts freely grant *pro se* litigants leave to amend," *Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999). If the amendment is permitted, *amicus curiae* avers that it will relate back to the time of the Defendant's original § 2255 motion, *see* FED.R.CIV.P. 15(c)(2), and therefore meet § 2255's statute of limitation requirements, *see* § 2255 ¶ 6(1).

■ By raising certain claims "before the court which imposed the sentence," 28 U.S.C. § 2255 ¶ 1, the Defendant has waived his statutory right under § 2255 to assert other claims on appeal as part of his initial motion for collateral review. *Cf. Abdullah v. United States*, 240 F.3d 683, 685 (8th Cir.2001) ("Generally, a habeas claim cannot be raised by a petitioner for the first time on appeal."). We already have denied the Defendant's § 2255 motion once, and he has not articulated why the issues initially raised in that motion justify rehearing by the panel or by the Court en banc. *See* D.C.CIR. R. 35; FED. R.APP. P. 35, 40.

■ This Court has a well-established rule against allowing parties 'to initiate new claims on appeal and has never adopted the long-odds exception. *See Shipbuilders Council of Am. v. United States*, 868 F.2d 452, 456 n. 2 (D.C.Cir. 1989). We have, however, cited the First Circuit's decision in *Dartmouth Review* to note that our approach to parties' attempts to amend their pleadings on appeal "need not be inflexible." *Guam v. Am. President Lines*, 28 F.3d 142, 151 & n. 18 (D.C.Cir.1994). Still, in that case, as in other cases, we denied the party's attempt to add a new claim on appeal. *See id.* at 151; *see also Independent Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C.Cir.2001); *Shipbuilders Council*, 868 F.2d at 456 n. 2.

If we permit the Defendant to raise his *Apprendi* claim in his motion for rehearing, we would be allowing him not only to undermine this well-established rule, but also to end-run the strict requirements for seeking collateral review under § 2255. Congress specifically limited prisoners to one collateral review motion as of right. *See* § 2255 ¶ 8. For this reason, prisoners are on notice to "choose their issues wisely." *Talbott v. Indiana*, 226 F.3d 866, 869

(7th Cir.2000). Indeed, the Seventh Circuit has warned prisoners that "the itch to invoke the latest decision of the Supreme Court can be costly, because a loss will require [the appellate] court's approval to launch a later collateral attack if better grounds for relief become available." *Id.* The district court already "has denied [the Defendant] relief" on the claims raised in his initial motion for collateral review. *See* § 2255 ¶ 5. Allowing him (or similarly situated prisoners) to add new claims to a motion that already has been dismissed by the district court (and dismissed on appeal) would effectively give him two bites at the same apple and would substantially erode the limits Congress established on prisoners' ability to seek collateral review. Accordingly, we deny the Defendant's request to amend his motion for collateral review.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion for rehearing and motion to amend his § 2255 motion are denied.