**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert C. WILLIAMS, Defendant–**
**Appellant.**

**No. 00–3277.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 17, 2001.

Decided Aug. 21, 2001.

Before Hon. MANION, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

Albert C. Williams was convicted of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two counts of distribution of crack in violation of § 841(a)(1). The district court sentenced Williams to three concurrent terms of 240 months' imprison-

ment. Williams filed a timely notice of appeal, but his counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes there are no nonfrivolous issues for appeal. Williams responded to counsel's motion under Circuit Rule 51(b). Because counsel's *Anders* brief is adequate on its face, we limit our review of the record to those issues proposed in counsel's brief and in Williams's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Upon review of the record and the potential grounds for appeal discussed in counsel's brief and in Williams's response, we conclude that an appeal would be frivolous and therefore grant counsel's motion to withdraw and dismiss Williams's appeal.

On several occasions in 1997, Williams sent packages of crack by courier from Arizona to Nicola Williams, his ex-wife, in Colp, Illinois. Nicola then sold the crack and wired a portion of the proceeds to Williams. On October 2, 1997, Nicola sold crack to a wired informant at Williams's home in Colp. The next day Williams sold crack to the same informant. Police officers arrested Nicola, who eventually pleaded guilty to conspiracy to distribute crack. She agreed to testify against Williams as a condition of her plea agreement.

In May 1999 a grand jury indicted Williams on one count of conspiracy to distribute crack and two counts of distribution of crack. The government later filed an information under 21 U.S.C. § 851, stating that it would seek a sentencing enhancement based on Williams's two previous felony drug convictions. The jury found Williams guilty on all three counts.

At sentencing the district court found by a preponderance of the evidence that Williams was responsible for distributing at least 150 grams but less than 500 grams of crack. The court also imposed a two-point upward adjustment under United States Sentencing Guideline § 2D1.1(b)(1) because Williams accepted a firearm as payment for drugs. The court calculated his base offense level at 36, which, combined with his criminal history category of III, mandated an imprisonment range of 240 to 293 months. The court sentenced Williams to three concurrent terms of 240 months' incarceration, and three concurrent terms of supervised release—10 years for the conspiracy count and six years each for the two distribution counts. The court also fined Williams $600.

 Counsel first evaluates whether Williams could challenge his sentences under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must generally be submitted to a jury and proven beyond a reasonable doubt. Here, the district court (but not the jury) considered Williams's prior convictions as a factor to enhance his sentence. Counsel correctly concludes that any argument that Williams's prior convictions should have been submitted to the jury would be frivolous. *See Almendarez-Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that a defendant's prior conviction is only a sentencing factor, not an element of the offense that must be submitted to the jury). Counsel also examines whether Williams could argue that the government's failure to charge the quantity of drugs in the indictment or prove the quantity of drugs to the jury violates *Apprendi.* Though Williams argues in his Circuit Rule 51(b) response that a challenge on this ground would have merit, we agree with counsel that such an argument would be frivolous. *Apprendi* does not apply in this case because Williams's sentences fall below the statutory maximum of 30 years'

incarceration, which is the default maximum for someone like Williams with a cocaine conviction and a prior drug felony. *See* 21 U.S.C. § 841(b)(1)(C); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000).

Counsel next examines whether Williams could challenge his sentences by arguing that the government failed to prove that he sold crack as opposed to some other form of cocaine base. Williams did not raise this objection at sentencing and therefore we would review this claim only for plain error. *See United States v. Nance*, 236 F.3d 820, 825 (7th Cir.2000). We agree with counsel that any argument on this ground would be frivolous because there is ample evidence in the record demonstrating that Williams sold crack. A confidential informant who used crack on several occasions and two forensic scientists testified that the substance purchased by the informant in October 1997 was crack.

Finally, counsel considers whether Williams could argue that the evidence is insufficient to support his conviction. In challenging the sufficiency of the evidence, Williams would face a nearly insurmountable hurdle. *See United States v. Gardner*, 238 F.3d 878, 879 (7th Cir.2001). We would overturn his conviction only if, viewing the record in the light most favorable to the government, there were no evidence from which the jury could find guilt beyond a reasonable doubt. *Id.* Three witnesses testified that Williams sold crack in October 1997. Nicola also testified that she and Williams agreed to sell crack and share the proceeds—testimony that was corroborated by evidence of wire transfers in excess of $14,000 sent by Nicola to Williams. Because a reasonable juror could conclude that Williams sold and conspired to sell crack, we agree with counsel that any argument challenging the sufficiency of the evidence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Williams's appeal.