**UNITED STATES Of America,**
**Plaintiff–Appellee,**

v.

**Yhosogn JILES, also known as**
**Yosh, and Terrance J. Young,**
**Defendants–Appellants.**

Nos. 99–3294, 99–3296, 00–3851.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 2002.

Decided Nov. 13, 2002.

Before WOOD, Jr., RIPPLE, and
ROVNER, Circuit Judges.

### ORDER

This appeal encompasses two criminal trials, one involving Terrance J. Young and Yhosogn Jiles and one involving only Jiles. On September 17, 1998, a grand jury issued a five-count indictment against Young and a two-count indictment against Jiles alleging: Count 1—that Young and Jiles conspired knowingly and intentionally to possess with intent to distribute and to distribute more than 50 grams of a substance containing cocaine base or "crack"

and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. § 846, with the conspiracy occurring from at least Spring of 1998 until July of 1998; Count 2—that Young and Jiles knowingly and intentionally possessed with intent to distribute marijuana on July 16, 1998, in violation of 21 U.S.C. § 841(a)(1); Count 3—that Young used a firearm during and in relation to a drug trafficking crime, in violation of § 924(c)(1) & (2); Count 4—that Young, having sustained a prior conviction punishable by imprisonment exceeding one year, knowingly possessed ammunition shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(g) & 924(a)(2); and Count 5—that Young, with the intent to intimidate, harass, injure, or maim, fired a weapon into a group of two or more persons, causing grave risk to human life, in violation of 18 U.S.C. § 36(b)(1). A jury convicted Young on all counts, and convicted Jiles of Count 2, and also of Count 1 insofar as it alleged a conspiracy to distribute marijuana. The district court sentenced Jiles to 60 months imprisonment for each count to be served consecutively, and to 3 years of supervised release, but that sentence was to run concurrently with the term given to Jiles in the separate case. The court sentenced Young to a total of 780 months imprisonment, consisting of 240 months for Count 1, 60 months for Count 2, 60 months for Count 3, 120 months for Count 4, and 300 months for Count 5, all to be served consecutively, and to 5 years of supervised release.

In February 1999, a grand jury returned another indictment against Jiles, this time containing three counts: Count 1—that Jiles conspired, from at least the Summer of 1997 until the end of January 1998, to distribute and to possess with the intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count 2—that Jiles possessed

with intent to distribute on December 3, 1997, in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 3—that Jiles possessed with intent to distribute, on January 5, 1998, crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. The jury convicted him on all counts, but was not asked to determine the drug quantity involved in each offense. Jiles and Young appealed from those judgments.

The attorney for Young on appeal has moved under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to withdraw from his representation of Young, because there are no nonfrivolous arguments available on appeal except for ineffective assistance of counsel and that claim requires further evidentiary development and therefore should be raised in a § 2255 motion rather than on direct appeal. We will grant a request to withdraw and dismiss the appeal only if "there are no nonfrivolous grounds for appeal, that is, if the appeal is 'groundless in light of legal principles and decisions.'" *United States v. Lopez–Flores,* 275 F.3d 661, 662 (7th Cir.2001) *quoting United States v. Eggen,* 984 F.2d 848, 850 (7th Cir.1993). Young responds by identifying, but not discussing, other potential issues for appeal. We have reviewed the record and the issues raised by Young and by his attorney, and we grant that motion to withdraw and dismiss the appeal.

In the *Anders* brief, Young's attorney examined whether the search warrant was based upon probable cause, whether the evidence was sufficient to support conviction on all counts, and whether Young was provided effective assistance of counsel. Young's counsel concluded that the effective assistance of counsel claim requires factual development outside the record and therefore is more properly pursued in a § 2255 motion. We have repeatedly cau-

tioned that ineffective assistance claims often cannot be fully developed on direct appeal, *United States v. Pergler,* 233 F.3d 1005, 1009 (7th Cir.2000), and therefore find no error in that decision which protects Young's interest in full resolution of his potential claim. We have also reviewed the record concerning each of the remaining issues, and agree that they are without merit. There was sufficient evidence presented at the trial to support the jury's verdict, and the district court did not err in ruling that the search warrant was valid.

■ In response to the *Anders* brief, Young requests assistance of new counsel to address: the sufficiency of the evidence for counts 3 & 5 regarding the use of a firearm; the failure of the judge to require the jury to determine drug quantity for counts 1 & 3; the subject matter jurisdiction of the court for count 5; and the failure of the district court to conduct a suppression hearing regarding the search warrant. Because these claims are also without merit, we do not appoint new counsel and we affirm the district court. We have reviewed the trial testimony in full regarding the sufficiency of the evidence claims, and there was sufficient evidence for the jury to convict him on those counts. A number of witnesses testified that Young approached individuals from a rival gang, that those individuals were on a corner at which the gang sold drugs, that he told them to leave the area, that he discussed their comments about members of his gang that had been imprisoned, and that he returned with a gun and was seen firing shots. The persons injured were affiliated with or friends of members of the rival gang. One witness testified that Young's discussion with the rival gang member included the topic of drugs. A jury could properly find that Young fired the weapon, and that he did so to protect the authority of himself and his gang against encroachment from the rival gang and thus in furtherance of the gang's drug activities. Although the connection between the shooting and the drug activity was certainly not overwhelming, the evidence was sufficient to support the jury verdict.

■ Young further protests the district court's failure to submit the issue of drug quantity to the jury on counts 1 and 3. The district court was apprised of the implications under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in sentencing Young on Count One, and accordingly sentenced him without regard to drug quantity. Because his sentence fell within the range possible without regard to quantity, the jury's failure to determine quantity was meaningless. *See United States v. Collins,* 272 F.3d 984, 987 (7th Cir.2001); *Talbott v. Indiana,* 226 F.3d 866, 869–70 (7th Cir.2000). Furthermore, drug quantity is not an element on a conviction under Count 3—— use of a firearm while drug trafficking, 18 U.S.C. § 924(c)(1). Because the quantity of drugs has no impact on the statutory sentence, it was not an element of the offense that had to be submitted to the jury. Accordingly, there was no error in the district court's failure to submit drug quantity to the jury. Similarly, there is no question that the district court has subject matter jurisdiction over a criminal case brought by the United States under a federal statute.

Finally, Young asserts that the district court erred in failing to hold a suppression hearing regarding the search warrant. The district court issued a 20–page opinion on the validity of the search warrant, and declared that no evidentiary hearing was necessary because Young and the government did not dispute the material facts. Young has not identified any factual dispute that would necessitate a hearing, and

none is apparent on the record. Accordingly, Young's attorney properly seeks to withdraw, and there is no basis for appointing new counsel.

We turn then to Jiles' challenges. The second trial involved only Jiles, and he was convicted of conspiracy to distribute and to possess with intent to distribute crack cocaine, and with possession of crack cocaine on December 3, 1997, and January 5, 1998, with the intent to distribute. The court held Jiles responsible for over 1.5 kilograms of crack cocaine, and imposed a sentence of 365 months imprisonment on each of the three counts, to be served concurrently. Jiles asserts that the sentence violated *Apprendi* because the district court rather than the jury made the determination of drug quantity. *Apprendi* mandates that the jury determine drug quantity when the quantity is used to increase the maximum sentence, and the government concedes error on that issue but argues that the plain error standard is unmet and thus that the sentence should be affirmed. Where a claim of error is raised for the first time on appeal, we will reverse only if there was plain error that affected substantial rights. We consider an error to be "plain" if it is clear under current law, and it affects substantial rights if it is prejudicial and if it must have affected the outcome of the district court proceedings. *United States v. Kibler*, 279 F.3d 511, 514 (7th Cir.2002); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); Fed. R.Crim. Proc. 52(b). If Jiles makes that showing, we have the discretion to correct the forfeited error under Rule 52(b), but "the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Kibler*, 279 F.3d at 514, *quoting Olano*, 507 U.S. at 732, 113 S.Ct. 1770. Even if we assume that there was plain error that affected substantial rights here, Jiles cannot demonstrate that the error seriously affected the fairness, integrity or public reputation of the judicial proceedings. The sentence of 365 months required a finding of 50 or more grams of crack cocaine on the conspiracy count, or a finding of 5 grams of crack cocaine for the possession counts. If the evidence of that drug quantity was overwhelming for any one of those counts, then the sentence must stand because the imposition of the 365 month sentence did not then adversely impact the fairness of the proceedings.

■ The record in this case reveals such overwhelming evidence arguably for all of the counts, but we will focus just on the possession count related to a search of a residence that occurred on December 3, 1997. That search yielded 28 grams of crack cocaine in the kitchen of the residence on top of a freezer that was approximately four feet high. Jiles was there at the time, and was arrested. The police found $353.00 in cash on him, including eight $20 bills, eight $10 bills, eleven $5 bills, and fifty-eight dollar bills. Trial testimony indicated that the possession of such a large amount of bills in small denominations was typical of drug dealers. The jury was instructed that possession under Count 2 could be physical or constructive and that joint possession was sufficient, and the government argued the case based on that theory of joint possession. In fact, there was no basis in the trial testimony for a jury to determine that Jiles possessed only part of the crack cocaine. The crack cocaine was divided into baggies for sale, and was found in the same place in the kitchen. There was no basis for parsing out one amount of that cocaine from the rest, and attributing possession of that lesser amount to Jiles. The trial testimony was clear that the crack cocaine in plain view at the residence was

jointly possessed by the occupants, and the jury so found. That conviction in the context of this trial necessarily included the 28 grams of crack cocaine, which is well above the 5 grams necessary for a sentence of 365 months. Because the 365 months is supported by that conviction alone, there was no plain error here and the sentence must be upheld.

The remaining claims asserted by Jiles relate to both trials and are all, by his own admission, contrary to circuit precedent, although he has presented them to preserve the possibility of Supreme Court review. Jiles argues that a jury must determine all factors that increase a defendant's sentence regardless of whether the resulting sentence exceeded the statutory maximum, but that argument was rejected by this court in *United States v. Westmoreland*, 240 F.3d 618, 636 (7th Cir.2001), and *Talbott*, 226 F.3d at 869–70. Similarly, Jiles contends that the factual basis for sentence enhancements must be proven to a jury beyond a reasonable doubt even though the sentence is within the statutory maximum—an argument rejected by this court. *See United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir.2000). Finally, Jiles asserts that 21 U.S.C. § 841(b)(1), under which he was sentenced, is facially unconstitutional, a proposition we rejected in *United States v. Brough*, 243 F.3d 1078 (7th Cir.2001). Jiles provides no reason for overturning our precedent and therefore we decline to do so.

Accordingly, the motion by Young's attorney to withdraw is granted and his appeal dismissed, and the judgment and sentence for Jiles is affirmed.