**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Rodney D. BROCK, Defendant–
Appellant.**

No. 01–3960.

United States Court of Appeals,
Seventh Circuit.

Argued May 14, 2002.

Decided Jan. 15, 2003.

Before COFFEY, MANION, and EVANS, Circuit Judges.

## ORDER

Rodney Brock appeals the ten-year sentence imposed after he was found guilty of bank robbery under 18 U.S.C. § 2113(a). Brock challenges the district court's findings that he failed to accept responsibility and that he used a firearm during the commission of the bank robbery. We affirm.

### I. Background

On May 15, 2001, Brock entered the Associated Bank in Belleville, Illinois while armed with a brown-handled gun in the waistband of his pants. He walked up to the teller and handed her a note reading: "This is a bank robbery. No sudden moves. Place all 100's, 20's, 50's, on the counter and no dye packs." After reading the note, the bank teller, Ms. Marshaun Johnson, placed the money on the counter as directed. While she was emptying the cash register drawer, Johnson observed Brock unzip his jacket to the waist and she saw what she believed to be a brown-handled gun tucked by his stomach area. When she finished handing over $7,945.00, Brock picked up the cash and exited the bank.

Ten days later, on May 25, 2001, Brock was indicted for bank robbery under 18 U.S.C. § 2113(a). He appeared in court with his attorney on June 8, 2001 and entered a plea of guilty. At that time, the trial judge questioned Brock about his knowledge of and participation in the crime, the potential maximum sentence for the offense, as well as the voluntariness of his plea. After questioning the defendant, fully advising him, and making the appropriate findings pursuant to Fed. Rules Crim. Proc. Rule 11, he accepted the plea and referred the matter to the probation department for a pre-sentence investigation report (PSR). In a report dated August 16, 2001, the probation officer stated that he believed that, "based upon the statement by the victim bank teller, it appears that the defendant possessed a firearm during the commission of this offense." He also concluded that, "based upon the defendant's denial that he possessed a weapon during the robbery, which is relevant conduct, it does not appear that a reduction for acceptance of responsibility is appropriate at this time."

The PSR was received by all parties and filed with the court, and on August 20, 2001 the government, after reading the report, filed a letter with the court stating that it had no objections. On August 28, 2001 the defendant filed pro se objections to the PSR, and his attorney also filed objections on September 12, 2001 and on September 17, 2001. Both the defendant and counsel argued that the possession of a firearm should not have been used as a sentencing factor. They challenged the reliability of Ms. Johnson's trial testimony regarding her observation of the brown-handled gun in his waistband. Defense counsel also asserted that Brock did in fact accept responsibility for the offense, and that it would violate Brock's Fifth and Sixth Amendment rights to due process to increase his sentence with a firearm enhancement pursuant to U.S.S.G. 2B3.1(b)(2)(C). Counsel relied on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), arguing that the possession of the firearm should have been charged in the indictment and proven as an element of the offense beyond a reasonable doubt.

At the November 5, 2001 sentencing hearing, the judge heard the testimony of several witnesses summoned by both the defense and the prosecution. Brock brought three witnesses to testify that although they were personal friends of his, they never discussed a firearm with him or saw one in his possession. However, the

sentencing judge gave him a five-level enhancement for possessing a firearm, ruling that Ms. Johnson's testimony was the more credible. We hasten to point out that the court made this specific finding by a preponderance of the evidence. Johnson testified that when Brock stretched out his hands on the counter in front of her, she saw the brown handle of a gun by his stomach area. The district judge also noted that Brock had previously been convicted of two felonies involving weapons, stating that "there was a lot to be gained" by Brock's denying the possession of a firearm because of the related sentencing enhancement. He further found that Ms. Johnson "had nothing to gain and nothing to lose by testifying" in this case. The judge also said that he "watched extremely closely" during Ms. Johnson's testimony, and that she was composed, extremely observant, and deliberative in her answers. The court believed that her detailed explanation of the way in which the defendant opened his jacket, spread his arms apart, and allowed the weapon to be seen was very convincing.

As to the defendant's request for a two-level downward departure for accepting responsibility, the court stated that it would be illogical to give the defendant credit for his guilty plea because Brock was less than truthful when recounting his activity; i.e., that he said he was not armed at the time of the robbery. The judge refused to find that Brock accepted responsibility, in light of the fact that he denied the firearm to the FBI, the probation officer, and the court itself. Considering this conduct, the district court also imposed a two-level enhancement for the obstruction of justice.

## II.

### A. Issues

Brock argues that his Fifth and Sixth Amendment rights were violated because the trial court treated his possession of a firearm during the bank robbery as relevant conduct. He alleges that, under *Apprendi*, a sentencing factor that exposes a defendant to a sentence potentially higher than the maximum for the convicted offense must be both charged in the indictment and proved beyond a reasonable doubt. He asks that we remand this case for re-sentencing and the court from allowing the inclusion of the firearm enhancement.

### B. Discussion

■ We are not persuaded that *Apprendi* is applicable in this case. Although *Apprendi* stands for the general proposition that facts which increase the penalty for a crime must be charged in the indictment and established beyond a reasonable doubt, this rule does not apply to situations, like this one, where the actual sentence imposed is less severe than the statutory maximum authorized for the convicting offense. *See Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). Thus, the case law recites that, "*Apprendi* does not affect the application of the relevant-conduct rules under the Sentencing Guidelines to sentences that fall within a statutory cap." *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). *See also United States v. Williams*, 238 F.3d 871, 877 (7th Cir.2001); *See also United States v. Watts*, 256 F.3d 630, 635 (7th Cir.2001).

Brock was sentenced to a prison term of ten years pursuant to 18 U.S.C. § 2113, which authorizes up to twenty years imprisonment for bank robbery and twenty-five years for armed bank robbery. Even though the court increased Brock's offense level by five because of the firearm, the final term was still well below the statutory maximum sentence. Therefore, *Apprendi* is beside the point.

Brock mistakenly contends that he was charged with "unarmed bank robbery" and not with "bank robbery," because the court used firearm possession as a sentencing factor rather than as an element of the conviction. However, even though one can be guilty of robbery without being armed, there is technically no such criminal offense specifically classified as "unarmed bank robbery" in the United States Code. In his brief the defendant relies heavily on the fact that his possession of a firearm was only introduced after he pleaded guilty, and he alleges that he would not have pleaded guilty if the firearm element had been included in the indictment. But if he was interested in challenging that fact he should have asked leave of the court to withdraw his previously entered plea of guilty. The fact of the matter is that Brock was convicted of bank robbery and sentenced under 18 U.S.C. § 2113(a), and that his possession of a firearm was treated as relevant conduct under U.S.S.G. § 2B3.1(b)(2)(C). Before *Apprendi*, the Supreme Court specifically held that it is constitutional to "treat 'visible possession of a firearm' as a sentencing consideration rather than an element of a particular crime." *McMillan v. Pennsylvania*, 477 U.S. 79, 92, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). However, *Apprendi* did not overrule *McMillan*. *Apprendi*, 530 U.S. 487, n. 13, 120 S.Ct. 2348. Instead, *Apprendi* limited *McMillan'*s "holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established...." *Id.* In this case, the sentence imposed was less severe than the maximum penalty authorized for the offense of conviction. We thus decline to reverse the district court's decision.

In so making this ruling we wish to make clear that we agree with the trial judge's credibility assessment of the bank teller, Ms. Johnson's, testimony regarding Brock's possession of a firearm. As this court on previous occasions has stated, "a sentencing judge's credibility determinations are entitled to great deference on review, and we will defer to them unless they are without support in the record." *U.S. v. Carter*, 999 F.2d 182, 187. *See also U.S. v. Anaya*, 32 F.3d 308, 314 (7th Cir. 1994). As we pointed out previously, the trial judge found Ms. Johnson to be not only very believable, but also forthright, clear, and concise in her description of the events of May 15, 2001. After hearing all of the testimony, the trial court also had sufficient reason to view Brock's testimony with skepticism and as being nothing but self-serving in nature. Therefore, the trial judge's finding that Brock carried a weapon during the bank robbery will not be disturbed.

▮▮▮ While the defendant did enter a timely guilty plea, the district court correctly denied Brock a downward departure for accepting responsibility. "The district court's acceptance of responsibility determination is a factual finding which we review for clear error." *United States v. Fiore*, 178 F.3d 917, 925 (7th Cir.1999). Although the defense cites cases involving extraordinary circumstances in which obstruction does not necessarily preclude the later acceptance of responsibility, this case does not involve any such circumstances. *See United States v. Bean*, 18 F.3d 1367 (7th Cir.1994) (Holding that the defendant repaid the bank that he robbed and could thus receive a level reduction despite the fact that he falsely denied guilt); *see also United States v. Chevalier*, 1 F.3d 581 (7th Cir.1993) (Finding that the defendant's consolidated loan payments were evidence that he had accepted responsibility for bank fraud, despite the fact that he pleaded guilty only after the trial had finished). There is no evidence in the record that the defendant tried to pay restitution to the

bank, as did the defendants in the cases cited by Brock's attorney. In fact, The defendant was less than truthful about the possession of a firearm to the police during his interrogation. He misled the probation officer and the court under oath. We hold that the trial judge was justified in denying the offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and furthermore that the court was justified in increasing the defendant's base level for obstruction of justice under U.S.S.G. § 3C1.1, because of the defendant's fabricated statements.

### C. Conclusion

The judgment of the district court is AFFIRMED.