Salvador A. HERNANDEZ, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 00–3048.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 18, 2000.

Decided Sept. 1, 2000.*

* This opinion is being released in typescript.  A    printed version will follow.

Salvador A. Hernandez (submitted a brief), Federal Correctional Institution, El Reno, OK, Petitioner pro se.

Thomas P. Schneider (submitted a brief), Office of the U.S. Attorney, Milwaukee, WI, for Respondent.

Before: RIPPLE, DIANE P. WOOD, and EVANS, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

As he is required to do under 28 U.S.C. § 2244(b)(3), Salvador Hernandez has applied for an order from this court authorizing the district court to consider a second or successive motion for collateral relief under 28 U.S.C. § 2255. In his proposed motion, he wishes to argue that the Supreme Court's recent decision in *Apprendi v. New Jersey*, — U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), announces a new rule of constitutional law that should apply to his case, implicitly invoking 28 U.S.C. § 2255 ¶ 8(2). See also *Castillo v. United States*, — U.S. ——, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). There are two problems with this position: first, the Supreme Court has not yet had an occasion to consider whether *Apprendi* should be applied retroactively to cases on collateral attack (another requirement of § 2255 ¶ 8(2)), and second, there is no *Apprendi* problem in any event in Hernandez's particular case. We explain both of these points briefly, and deny Hernandez's application.

The offense and conviction that lie behind Hernandez's present application were for conspiracy to kidnap, 18 U.S.C. § 1201(c), and kidnapping, 18 U.S.C. § 1201. Under the U.S. Sentencing Guidelines, the base offense level for kidnapping is 24, and that level can be increased depending on a number of specific offense characteristics. See U.S.S.G. § 2A4.1. Depending on the criminal history category that applies to the individual defendant, a level 24 carries with it a sentencing range from 51 to 63 months (criminal history category I) to 100 to 125 months (criminal history category VI). Obviously, those ranges increase as the offense level is goes up under § 2A4.1(b). During the sentencing proceedings, the district court made upward adjustments to Hernandez's offense level under § 2A4.1(b)(1) (ransom demand or demand upon government, for six levels), § 2A4.1(b)(3) (use of a dangerous weapon, for two levels), and § 2A4.1(b)(4)(B) (victim not released before seven days had elapsed, for one level). With these adjustments and his criminal history, his final sentence was for 200 months. This court affirmed both his convictions and his sentence on direct appeal. See *United States v. Hernandez*, 106 F.3d 737 (7th Cir.1997).

Hernandez is now trying to file a second or successive motion under 28 U.S.C. § 2255. We must first decide whether presentation of a claim under a new Supreme Court decision at a time before the Court has announced whether it is retroactively applicable to cases on collateral attack amounts to an "adjudication" of that claim or not. If the answer is yes,

then our disposition of Hernandez's application will have an effect on any future applications he may file; if it is no, and if his claim cannot be disposed of otherwise, then he would be entitled to another bite at the apple.

■ Any claim that was presented in an earlier motion or application must be dismissed, under 28 U.S.C. § 2244(b)(1) (for § 2254 cases) and 28 U.S.C. § 2255 ¶ 8. What happens, however, if the earlier claim rests on a new rule of constitutional law for which the Supreme Court has not yet announced a decision about retroactivity? It is clear from the language of § 2255 ¶ 8(2) that the earlier application would have had to be denied, for the simple reason that it did not satisfy the statutory requirement of relying on "a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court,* that was previously unavailable." (Emphasis added.) See *Bennett v. United States,* 119 F.3d 470 (7th Cir.1997). But the real question is whether such a denial should be regarded as analogous to a non-merits dismissal like a failure to exhaust state remedies. In *Gray–Bey v. United States,* 209 F.3d 986 (7th Cir.2000), we indicated that a new rule that is retroactive for purposes of collateral attack is not "available" for a § 2255 motion until the Supreme Court has clearly ruled that this is the case. *Id.* at 988 ("[b]ut for purposes of § 2255 ¶ 8(2) a rule is 'unavailable' until the Supreme Court renders its decision, for it is the high court's decision that must be held retroactive as *Bailey* [*v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)] was held retroactive by *Bousley* [*v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)]"). Under that logic, it follows that potentially meritorious claims that rely on new rules of constitutional law are not ripe for presentation until the Supreme Court has ruled on the retroactivity question. Just as we do with applications relying on unexhausted claims, we would dismiss such an application without prejudice to re-filing at such time as the Court renders a decision in favor of retroactivity.

■ Dismissal without prejudice is not required, however, if there are alternate grounds for resolving the claim once and for all at the time it is presented. That is the case with Hernandez, since we are able to ascertain from the face of his application that *Apprendi* cannot possibly be of any help to him. Hernandez reasons that the additional facts that supported the upward adjustments under the Sentencing Guidelines, such as his demand for a ransom, were facts that should have been charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt, under the rule announced in *Apprendi.* In so arguing, however, he overlooks the distinction between the prescribed statutory maximum and the various levels of punishment authorized by the Sentencing Guidelines. See *United States v. Cepero,* 224 F.3d 256, 268 n. 5 (3d Cir.2000). The kidnapping statute clearly authorizes a sentence for "any term of years or for life" for both the substantive offense created in 18 U.S.C. § 1201(a) and the conspiracy offense of 18 U.S.C. § 1201(c). Thus, the prescribed *statutory* maximum, which is what concerned the *Apprendi* Court, is life imprisonment (and in some narrow circumstances not relevant to Hernandez, death).

■ The Sentencing Commission, as it is charged to do, issued guidelines prescribing various sentencing levels within those statutory limits. The fact that different levels under the statutory maximum depend on proof of various aggravating facts is not enough to make those facts "elements of the offense" rather than "sentencing factors." Indeed, we rejected a similar argument in *United States v. Smith,* 223 F.3d 554 (7th Cir.2000). In *Smith,* some of the defendants argued that 21 U.S.C. § 848(b), which makes a life sentence mandatory for certain leaders of a continuing criminal enterprise, created a new offense or merely affected the sentencing range for all those convicted of violating that statute. We held that be-

cause the range for all violations of § 848 included life in prison, § 848(b) did not increase the prescribed statutory maximum and the facts required to invoke it were thus sentencing factors, not elements of the offense. *Id.* at 262–63. The same is true here, with even greater force, since the only issue concerns different levels well within a single prescribed statutory maximum.

Because the rule of *Apprendi* can therefore be of no use to Hernandez, there is nothing in his application that would justify granting permission to file a second or successive application, and it is hereby DE-NIED.