[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 14 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14200

_____

D. C. Docket No. 99-00042-CR-01-02-4-RLV

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

BRENT HARRIS,
STANLEY HARRIS,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(March 14, 2001)**

Before BARKETT, HILL and KRAVITCH, Circuit Judges.

BARKETT, Circuit Judge:

The Government appeals the sentence imposed on William Brent Harris and Stanley Bernard Harris for their convictions, pursuant to guilty pleas, for distribution of illegal narcotics in violation of 21 U.S.C. § 841. On appeal, the Government argues that the district court erred in holding that Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) precludes its consideration of the Harrises' relevant conduct under U.S.S.G. § 1B1.3 in determining their sentences and that the sentences should be vacated and remanded for resentencing.

**Background**

Brent Harris pled guilty to two counts of a 12-count indictment for violations of 21 U.S.C. § 841 and other drug related offenses. It is uncontested that the amount of cocaine hydrochloride involved in the count to which Brent Harris pled guilty was 17.8 grams. The Sentencing Guidelines provide that the base offense level for an offense involving less than 25 grams of cocaine is 12. U.S.S.G. § 2D1.1(c)(14). However, the probation officer prepared Brent Harris's presentence report based on the total amount of cocaine base, cocaine powder, and cocaine hydrochloride attributable to Brent Harris through all of the transactions alleged in the indictment and calculated his base offense level as 32 pursuant to U.S.S.G. § 2D1.1(c)(4) and his corresponding sentencing range as 168 to 210 months imprisonment. Because the district court ruled that Apprendi prohibited

the court from considering drug quantities other than those involved in the counts of conviction, the district court calculated his offense level as 12 based on the quantity of 17.8 grams of cocaine hydrochloride involved in the two counts to which he pled guilty, resulting in a sentencing range of 15-21 months imprisonment.

Stanley Harris was also named in the indictment. He pled guilty to only one count of possessing and distributing cocaine base. Stanley Harris does not contest that this count involved the possession and distribution of 13.2 grams of cocaine base. The sentencing guidelines provide that the base offense level for an offense involving between 5 and 20 grams of cocaine base is 26. U.S.S.G. § 2D1.1(c)(7). His presentence report found that based on the total amount of cocaine attributable to him through the transactions alleged in the indictment, his base offense level was 36 pursuant to U.S.S.G. § 2D1.1(c)(2) resulting in a guideline range of 188 to 235 months.[1] Based solely on the quantity relating to the count of conviction, without considering the amount included in the relevant conduct, the court determined that Stanley Harris's base offense level was 26 resulting in a sentencing range of 78 to 97 months imprisonment.

**Standard of Review**

---

[1] Stanley Harris's base offense level of 36 was calculated including a two level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

3

The applicability of <u>Apprendi v. New Jersey</u> is a pure question of law that we review de novo. <u>See</u> <u>Doe v. Chiles</u>, 136 F.3d 709, 713 (11th Cir.1998).

**Discussion**

The narrow question before us is whether <u>Apprendi</u> applies to the relevant conduct provision of the Sentencing Guidelines.[2] We recently decided this issue in <u>United States v. Maldenaldo Sanchez</u>, Nos. 00-13347, 00-13447 (11th Cir. Feb. 26, 2001). In that case, the defendants were convicted of one count of conspiracy to distribute and possess with the intent to distribute methamphetamine and amphetamine in violation of 21 U.S.C. §§ 841, 846. The defendants argued that in light of <u>Apprendi</u>, the district court erred in enhancing their sentences for possession of a firearm in connection with a drug transaction pursuant to U.S.S.G. § 2D1.1 because that fact had not been proven beyond a reasonable doubt. We held that <u>Apprendi</u> does not apply to the Sentencing Guidelines. <u>See</u> <u>also</u>,<u>United States v. Nealy</u>, 232 F.3d 825, 829 n.3 (11th Cir. 2000). We explained in <u>Maldenaldo Sanchez</u> that

---

[2] The Guidelines provide that in arriving at the base offense level with respect to a conviction for distribution of cocaine, see U.S.S.G. § 2D1.1(a)(3), the trial court may consider "quantities of drugs not specified in the count of conviction." <u>Id</u>. application note 12. Under U.S.S.G. § 1B1.3(a)(2), the base offense level is to be determined based on acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction."

4

Because a finding under the Sentencing Guidelines determines the sentence within the statutory range rather than outside it, the decision in <u>Apprendi</u>, which addresses any increase in penalty for a crime outside the statutory maximum, has no application to the Guidelines.

<u>Id</u>.

The maximum sentence authorized for a non-quantity conviction pursuant to 21 U.S.C. § 841(a) is twenty years imprisonment. 21 U.S.C. § 841(a)(1)(C). Based on the amount of drugs that was attributable to the Harrises, it would not be possible for the district court to sentence either of them to a sentence exceeding 20 years under the Sentencing Guidelines. Thus, while considering the relevant conduct in this case would have increased the Harrises'sentencing ranges under the Sentencing Guidelines, those ranges would not exceed the statutory maximum, and therefore we find that <u>Apprendi</u> does not require the district court to disregard relevant conduct in this case.[3] <u>See</u> <u>also,</u> <u>United States v.</u> Garcia, (2nd Cir. 2001); United <u>States v. Heckard</u>, 238 F.3d 1222 (10th Cir. 2001); <u>United States v. Williams</u>, 235 F.3d 858, 863 (3rd Cir. 2000); <u>United States v. Kinter</u>, 235 F.3d 192, 201 (4th Cir.2000); <u>United States v. Keith</u>, 230 F.3d 784, 786-87 (5th Cir. 2000); <u>Talbott v. Indiana</u>, 226 F.3d 866, 869 (7th Cir.2000).

We therefore vacate the sentence and remand for the district court to make

---

[3] It will always be the case that the sentencing range identified by the Guidelines will not exceed the statutory maximum, as the Sentencing Guidelines require that the Guidelines cannot be used to increase the penalty beyond the statutory maximum. U.S.S.G. § 5G1.1.

specific factual findings regarding the amount of drugs properly attributable to the defendants. We express no opinion as to whether the evidence supports a finding that the Harrises were responsible for the amount of drugs attributed to them by the presentence reports, holding only that the district court erred in finding that it was prohibited from considering drug quantities relating to relevant conduct under the Sentencing Guidelines.

VACATED AND REMANDED.