**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth J. ALLINGTON, Defendant–Appellant.**

No. 00–3903.

United States Court of Appeals, Seventh Circuit.

Submitted June 13, 2001.*

Decided June 28, 2001.

---

* Counsel for the Appellant filed a motion to waive oral argument. After an examination of the briefs and the record, we have conclud-

ed that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Kenneth J. Allington was convicted of federal income tax evasion in violation of 26 U.S.C. § 7201 and sentenced to 27 months' imprisonment. Although his sentence is below the statutory maximum for this crime, Allington appeals based on his belief that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies to the maximum penalty prescribed by the sentencing guidelines and not the statute of conviction. We affirm.

### I. District Court Proceedings

Allington was indicted on three counts of tax evasion for tax years 1993, 1994, and 1995. Government agents believed that Allington was skimming receipts from his bark chipping business by cashing customer checks, sometimes made out to a fictional person at Allington's request, and keeping the currency rather than depositing it in the business bank account. Allington represented himself at trial and admitted that he did not file tax forms for 1991–95. According to Allington, however, "the law

very clearly states that only self-employed residents of Puerto Rico, Virgin Islands, Guam and American Samoa are permitted to file Form 1040." Allington further asserted that the Internal Revenue Service was not an official agency of the United States and that "income" included only war profits. The jury found him guilty on all three counts.

At sentencing, the district court calculated the amount of loss to be $98,273, which included the counts of conviction (tax years 1993–95) and Allington's relevant conduct (tax years 1991–92). The judge further determined that Allington had obstructed justice by intimidating one of the witnesses. Ultimately, Allington was eligible for a sentence between 21 and 27 months; the district court found it necessary to impose a sentence at the top end of the guideline range "to hold you accountable for your criminal conduct, to serve as a deterrent and protect the community from further criminality on your part."

## II. Allington's *Apprendi* Argument

■ Allington appeals his sentence, arguing that it violates *Apprendi*'s mandate that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. His sentence of 27 months, however, is within the five-year statutory limit for tax evasion. 26 U.S.C. § 7201. We have said numerous times that *Apprendi* is irrelevant if the sentence imposed is below the statutory cap. *See United States v. Williams*, 238 F.3d 871, 876–77 (7th Cir.2001) ("[W]hen a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he was convicted, '*Apprendi* is beside the point.'" (quoting *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000))); *see also United States v.*

*Jones*, 248 F.3d 671 (7th Cir.2001); *United States v. Jones*, 245 F.3d 645, 649 (7th Cir.2001); *United States v. Huerta*, 239 F.3d 865, 876 (7th Cir.2001).

■ Allington attempts to circumvent our precedent by contending that the *Apprendi* Court's use of the term "statutory maximum penalty" was ambiguous and by arguing that it should be read to refer to the maximum penalty under the statutory scheme. According to Allington's interpretation, the "statutory scheme" incorporates the sentencing guidelines because they are codified at 28 U.S.C. § 994. Specifically, Allington asserts that "statutory maximum" means "the Guidelines maximum range before any enhancement resulting from sentence factors not alleged in the indictment or submitted to the jury." Thus, according to Allington, the district court violated *Apprendi* by including relevant conduct and an upward adjustment for obstruction of justice because those factors–not charged in the indictment or proven before a jury–increased the sentencing guidelines' range of punishment.

■ Allington's arguments are foreclosed by our prior cases. *Apprendi* clearly refers to the maximum penalty allowed by the statute of conviction and not, as Allington suggests, the top of the guidelines range prior to any adjustments. *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir.2000) ("*Apprendi* does not affect the operation of the Sentencing Guidelines; it is limited to situations in which findings affect *statutory* maximum punishment." (emphasis in original)); *Hernandez v. United States*, 226 F.3d 839, 841–42 (7th Cir.2000) (noting that the defendant "overlooks the distinction between the prescribed statutory maximum and the various levels of punishment authorized by the Sentencing Guidelines" and holding that "the prescribed *statutory* maximum" was

what concerned the *Apprendi* Court (emphasis in original)). These holdings are supported by practical application; in addressing *Apprendi* claims, we compare a defendant's sentence with the terms of the statute of conviction, not the sentencing guidelines. *See, e.g., Jones,* 245 F.3d at 649–50 (21 U.S.C. § 841); *Huerta,* 239 F.3d at 876 (same); *Hernandez,* 226 F.3d at 841 (18 U.S.C. § 1201).

Our sister circuits have rejected arguments similar to Allington's based on the clear language of the Supreme Court's opinion. *In re: Sealed Case,* 246 F.3d 696, 698–99 (D.C.Cir.2001); *United States v. Harper,* 246 F.3d 520, 531 n. 7 (6th Cir. 2001); *United States v. Harris,* 244 F.3d 828, 830 (11th Cir.2001); *United States v. Harris,* 243 F.3d 806, 809 n. 2 (4th Cir. 2001); *United States v. Breen,* 243 F.3d 591, 599 (2d Cir.2001); *United States v. Caba,* 241 F.3d 98, 101 (1st Cir.2001); *United States v. Heckard,* 238 F.3d 1222, 1235–36 (10th Cir.2001); *United States v. Lewis,* 236 F.3d 948, 950 (8th Cir.2001); *United States v. Williams,* 235 F.3d 858, 862–63 (3d Cir.2000); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000); *United States v. Meshack,* 225 F.3d 556, 576 (5th Cir.2000). And some have even done so when faced with the precise adjustments the district court made in calculating Allington's sentence. *Harper,* 246 F.3d 531 n. 7 (obstruction of justice); *United States v. Sullivan,* 242 F.3d 1248, 1257 (10th Cir.2001) (amount of tax loss from relevant conduct); *United States v. Simonelli,* 237 F.3d 19, 30 (1st Cir.2001) (same).

Because Allington's sentence did not exceed the statutory maximum, there is no *Apprendi* violation. Accordingly, we AFFIRM the judgment of the district court.