**James Cletis SEGARS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–1251.**

United States Court of Appeals, Seventh Circuit.

Submitted May 17, 2001.

Decided July 2, 2001.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 31, 2001.

---

Before Hon. FAIRCHILD, Hon. BAUER, and Hon. COFFEY, Circuit Judges.

### ORDER

This appeal is successive to No. 99–1302, and the same panel retained it for decision. After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a), Cir. R. 34(f).

Mr. Segars was convicted in 1991 of one count of conspiracy to distribute "cocaine, a Schedule II Controlled Substance," seventeen counts of possession with intent to distribute "cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)," and several other offenses which need not be set forth here. His current sentence of imprisonment, after modifications, is 315 months. He challenged his sentence (and conviction) by motion under 18 U.S.C. § 2255. The district court denied his motion, and we affirm.

In his motion Mr. Segars asserted that he had been denied due process and equal protection of the law. He relied on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and asserted that there had been no jury finding of the quantities of cocaine involved. Judge Miller decided that even assuming that *Apprendi* is retroactive as to collateral attack on a final judgment, it could not help Segars. We agree. Segars' conviction, regardless of the quantity of cocaine involved, subjected him to a term of imprisonment of not more than 20 years enhanced by his prior conviction for a felony drug offense to not more than 30 years. His term of 315 months is within the enhanced maximum, without any additional fact being charged or determined by a

**360**

jury. *See U.S. v. Jones*, 245 F.3d 645, 650–51 (7th Cir.2001). (Prior conviction need not be found as fact by a jury, and sentence below statutory maximum does not violate *Apprendi.*)

■ On appeal Segars renews an argument presented in his § 2255 motion, but not discussed by Judge Miller. He appears to believe that the term "listed chemical" in 21 U.S.C. § 841(f) is equivalent to the term "controlled substance" in § 841(a)(1); that cocaine is both a controlled substance and a listed chemical, that he has been convicted of violation of the two subsections, and that the five-year maximum in subsection (f) should apply to him. He has apparently failed to relate the definition of "listed chemical," which he cites, to the definition of "list I chemical" and "list II chemical," 21 U.S.C. § 802(33), (34) and (35). The indictment charged and he was convicted of possession with intent to distribute cocaine, a Schedule II Controlled Substance. His argument has no merit.

On appeal he also argues that § 841 is unconstitutional because its structure requires that facts causing increases in the statutory maximum be determined by the trial judge. He seems also to argue that *Apprendi* requires that facts which form the basis for enhancement under the Guidelines must be charged and determined by a jury. These arguments were not made before the district court, and were waived. *See Hernandez v. U.S.*, 226 F.3d 839, 841 (7th Cir.2000) (that different Guideline levels under the statutory maximum depend on proof of facts does not make those facts elements of the offense).

The judgment appealed from is affirmed.