**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arthur D. GIFFIN, Jr., Defendant– Appellant.**

No. 01–5194.

United States Court of Appeals, Sixth Circuit.

April 3, 2003.

Before BOGGS and COLE, Circuit Judges, and BATTANI, District Judge.*

PER CURIAM.

In this appeal, we are called upon to review Appellant Arthur D. Giffin, Jr.'s conviction and sentencing pursuant to 21 U.S.C. § 846 for conspiracy to violate § 841(a)(1). Appellant challenges his conviction for conspiracy to distribute and possession with intent to distribute less than 50 kilograms of marijuana, on the grounds that: 1) the government failed to prove that the conspiracy involved at least 1,000 kilograms of marijuana as charged in the indictment; 2) the district court failed to credit Appellant's federal sentence with time served on a related state offense; and 3) Appellant's 60–month sentence is overstated by at least nine months, since the presentence report relied upon by the district court failed to accurately reflect a sentencing guideline maximum of 51 months. For the reasons that follow, we **AFFIRM** Appellant's conviction, but **REVERSE** and **REMAND** to the lower court for further reconsideration of Appellant's sentencing.

## I. BACKGROUND

On March 22, 1998 Appellant was arrested in Arizona after a routine traffic stop of his automobile uncovered 214.5 pounds of marijuana. Appellant had been stopped in Virginia and Tennessee on two prior occasions, and was found to have, among other items, marijuana, drug paraphernalia and large amounts of cash.

Following his March 22 arrest, Appellant was charged under Arizona state law with conducting a criminal enterprise in case no. CR–62819, in Pima County, Arizona. He pleaded guilty and was sentenced on March 22, 1999 to a three-year state prison term.

On April 26, 2000, Appellant was charged under federal law in the Eastern District of Tennessee with conspiracy to distribute and possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). A superseding indictment was filed on August 22, 2000 charging Appellant with conspiracy to distribute and possession with the intent to distribute *at least 1000 kilograms* of marijuana in violation of 21 U.S.C. § 841(b)(1)(A).

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan sitting by designation.

At Appellant's trial, the jury verdict form contained two questions. First, the jury had to decide whether Appellant was guilty of conspiracy. If so, the jury then had to determine whether the government proved that the conspiracy involved at least 1,000 kilograms of marijuana. Before this form was submitted to the jury, however, the government requested that the district court include the additional optional verdicts of conspiracy to distribute less than 100 kilograms and less than 50 kilograms of marijuana. This request was made pursuant to the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

Notably, Appellant did not object to the government's suggestion, nor did he argue, as he does now, that because the government charged at least 1,000 kilograms, the jury could find only that amount or acquit him. Rather, Appellant accepted the government's recommended changes, asking only that the district court include the option of less than 50 kilograms. The district court, however, ultimately refused to make any of the proposed changes, and required the government to prove beyond a reasonable doubt that the conspiracy involved at least 1,000 kilograms of marijuana.

On October 23, 2000, Appellant was found guilty of conspiracy to distribute and possession with the intent to distribute an amount of marijuana, but was not found guilty with respect to the amount of at least 1,000 kilograms of marijuana. A presentence report was then ordered for Appellant. In it, the probation officer found that approximately 651.5 kilograms of marijuana were involved in the conspiracy. Subsequently, that amount was used to calculate a total base offense level of 30, and a recommended sentence of 97 to 121 months of imprisonment.

A sentencing hearing was held on January 29, 2001. Because the jury did not ascertain the amount of marijuana involved, the district court sentenced Appellant according to 21 U.S.C. § 841(b)(1)(D), which applies to crimes involving less than 50 kilograms of marijuana. Appellant received the statutory maximum sentence of five years imprisonment, to run concurrently with his state sentence. This sentence was to be followed by three years of supervised release.

## II. STANDARD OF REVIEW

When a defendant fails to object to a sentencing decision in the lower court, the standard of review is for plain error. *United States v. Collins*, 188 F.3d 509 (6th Cir.1999). Plain error exists when the court finds: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. King*, 272 F.3d 366, 374–75 (6th Cir.2001) (internal quotations and citations omitted).

## III. DISCUSSION

**A. Appellant's Challenge Regarding the Weight of the Controlled Substance**

■ We first address Appellant's contention that his conviction should be vacated because the jury did not find beyond a reasonable doubt that the conspiracy involved at least 1,000 kilograms of marijua-

na. While he agrees that his conviction may not violate the rule of *Apprendi*, Appellant argues that the Fifth and Sixth Amendments guarantee him the right to have every element of his § 841(a)(1) violation decided by the jury. Therefore, Appellant asserts that because the government charged him with, and failed to prove, conspiracy to distribute and possession with intent to distribute *at least 1,000 kilograms* of marijuana, the jury essentially found him not guilty of a 21 U.S.C. § 841(a)(1) violation. We reject Appellant's argument.

As an initial point, because Appellant failed to raise his objection in the lower court, our review is for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The first factor to consider under the plain error standard is error. We do not find that the lower court committed any error, let alone plain error, in sentencing Appellant pursuant to 21 U.S.C. § 841(b)(1)(D). In order to find Appellant guilty of conspiracy to distribute and possession with intent to distribute marijuana, the jury necessarily had to find that some quantity of marijuana was involved. To be sure, it was not the amount charged in the indictment, but it was *some* amount. This court has never held that a defendant's Fifth and Sixth Amendment rights are violated simply because a jury finds that a 21 U.S.C. § 841(a) violation involves a lesser quantity of drugs than that charged in the indictment. Rather, the lower court must sentence the defendant according to the statutory penalty range that corresponds with the jury's determination as to the quantity involved. *See United States v. Humphrey*, 287 F.3d 422, 446 (6th Cir. 2002)[1] and *United States v. Flowal*, 234 F.3d 932, 938 (6th Cir.2000).[2] As the jury implicitly found that there was some amount of marijuana involved, the court only held Appellant responsible for the least amount necessarily included in the jury verdict-less than 50 kilograms. Hence, we find no error in the trial judge sentencing Appellant pursuant to 21 U.S.C. § 841(b)(1)(D).

**B. Sentencing Credit**

█ We next address Appellant's contention that the district court was required to credit his federal sentence with time served on his related state sentence pursuant to U.S. Sentencing Guidelines § 5G1.3(b), Application Note 2. Appellant did not raise this objection with the sentencing court, but asserts on appeal that Application Note 2 requires the district court to credit his five-year federal sentence with the two and a half years he completed on his state sentence at the time his federal sentence was imposed. Because Appellant did not object at sentencing, we review for plain error, and conclude that the district court's failure to grant Appellant sentencing credit was plain error.

U.S.S.G. § 5G1.3(b). Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, provides as follows:

If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been

---

1. Humphrey was convicted of violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), but the jury's failure to determine beyond a reasonable doubt the quantity of drugs for which Humphrey was responsible properly required him to be sentenced only under 21 U.S.C. § 841(b)(1)(C).

2. The indictment charged the defendant with 5.2 kilograms of cocaine, but the jury was nevertheless permitted to find that the drug quantity involved was less than that amount.

fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Nothing in the language of § 5G1.3(b) indicates that a district court must grant sentencing credit to a federal defendant with time served on a related state sentence. However, the application note that follows § 5G1.3(b), Application Note 2, suggests otherwise. It provides as follows:

[w]hen a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

The Note continues with an illustrative example. In the example, a hypothetical defendant had already served six out of nine months on a state prison sentence when he received a thirteen-month sentence on a related federal drug conviction. The note explicitly provides that because the state and federal charges resulted from the same conduct, the district court was required to grant sentencing credit to the defendant. As the language of the note makes clear, "[b]ecause the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on defendant's state sentence, achieves [the desired] result" of Application Note 2. U.S.S.G. § 5G1.3(b), cmt. n. 2.

Sentencing courts are required to follow commentary to the Sentencing Guidelines unless that commentary violates federal law or is inconsistent with the relevant guideline at issue in a particular case. *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Here, the language of Application Note 2, when read in conjunction with its illustrative example, requires a district court to grant sentencing credit when the court has determined that the federal sentence and the undischarged state sentence will run concurrently. In fact, this court has applied the Note in this manner, and recognized the duty Application Note 2 imposes on sentencing courts. *See United States v. Mohler*, Nos. 97–3586, 97–3671, 1999 U.S.App. LEXIS 16211 *7, 1999 WL 503569 (6th Cir. July 9, 1999) (interpreting Application Note 2, and holding that "[i]f a defendant is serving ... a prior undischarged [state] term of imprisonment at the time sentencing on the instant offense, the amount of time already served is to be credited toward the sentence that otherwise would have been imposed to run concurrently.") There is nothing discretionary in the language of Application Note 2. That is, once a court decides that the federal and undischarged state sentences are to run concurrently, it must grant a defendant sentencing credit.

Here, then, the district court committed plain error when, after deciding that Appellant's state and federal sentences would run concurrently, it did not credit Appellant's five-year federal sentence with the two and a half years that he had already served on his undischarged state term. Moreover, the district court's error affected Appellant's substantial rights and the integrity and fairness of the judicial process, because Appellant was forced to serve two and a half years in prison that he did not need to serve. The purpose of § 5G1.3 is to "mitigate the possibility that the fortuity of two separate prosecutions will grossly increase the defendant's sen-

tence." *United States v. Caraballo*, 200 F.3d 20, 27 (1st Cir.1999) (quoting *Witte v. United States*, 515 U.S. 389, 405, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)). Here, the district court's conduct was inconsistent with the purpose of § 5G1.3(b). For in not crediting Appellant's federal sentence with the time he had served for his related state sentence, the district court "grossly increased" Appellant's overall sentence by two and a half years.

■ The court's analysis does not end here, however, because Application Note 2 indicates that a defendant must first seek sentencing credit from the Bureau of Prisoners before the district court can consider the issue. Here, Appellant did not go to the Bureau of Prisoners, but asserts in his defense that the adjustment of his sentence is nevertheless appropriate because it is clear that the Bureau would have refused him credit pursuant to 18 U.S.C. § 3585(b). According to § 3585(b), a federal defendant can receive credit on his federal sentence for prior time served in only two circumstances: 1) where the same offense serves as the basis for both sentences; or, 2) where the prior time served results from any other charge for which the defendant was arrested after the commission of the present offense. *Id.*

According to Appellant, his state sentence fit into neither one of these categories; therefore, the Bureau would have, without a doubt, denied his request for credit. However, the certainty of the Bureau's refusal is not so clear to this court. Therefore, we remand to the district court to determine whether the Bureau would have, in fact, denied Appellant sentencing credit.

## C. Miscalculation of Presentencing Report

■ Finally, we address Appellant's contention that the presentence report overstated his recommended sentence in violation of *Apprendi* by relying on a fact not decided by the jury, namely that the conspiracy involved 651.5 kilograms of marijuana. Appellant asserts that the presentence report should have calculated the base offense level using the quantity of less than 50 kilograms. Thus, Appellant argues, the maximum sentence under the sentencing guidelines should have been 51 months, or 9 months less than the 60–month sentence imposed.

Again, since Appellant did not raise this objection at sentencing, we review for plain error. *See United States v. Page*, 232 F.3d 536, 543 (6th Cir.2000). The presentence report must consider relevant conduct under § 1B1.3 of the Guidelines, and "types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1. cmt. n. 12. In other words, "*Apprendi* does not apply to the Sentencing Guidelines." *United States v. Harris*, 244 F.3d 828, 829 (11th Cir. 2001); *see also United States v. Garcia*, 252 F.3d 838, 843 (6th Cir.2001). Nor is *Apprendi* triggered "where a defendant is sentenced to a term of imprisonment within the statutory maximum prescribed." *United States v. Fitch*, 282 F.3d 364, 368 (6th Cir.2002). Here, using the relevant conduct involved, the quantity of drugs *for guideline purposes* was determined to be 651.5 kilograms, not less than 50 kilograms, which was the *conviction quantity*. The sentencing range established by the guidelines for 651.5 kilograms is 97–121 months, but the court could not exceed the statutory maximum sentence for the conviction quantity, which is 60 months pursuant § 841(b)(1)(D). The sentence did not exceed this, and we find no error.

## IV. CONCLUSION

For the reasons stated above, this Court **AFFIRMS** in part and **REVERSES** and

804

**REMANDS** to the district court to decide whether the Bureau of Prisoners would have granted Appellant sentencing credit.